AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

WESTERN District of PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| ARMANDO CRUZ | ) | Case Number: 12-41-1 |
| | ) | USM Number: 33383068 |
| | ) | JAMES J. BRINK |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)   1 AND 4

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 2251(a) and (e) | PRODUCTION OF MATERIAL DEPICTING THE SEXUAL EXPLOITATION OF A MINOR | 3/6/2012 | 1 |
| 18 USC 2251(a) and (e) | PRODUCTION OF MATERIAL DEPICTING THE SEXUAL EXPLOITATION OF A MINOR | 6/12/2011 | 4 |

   The defendant is sentenced as provided in pages 2 through   8   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s)   2 AND 3   ☐ is   ☒ are   dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

12/5/2012
Date of Imposition of Judgment

*(signature)*
Signature of Judge

ARTHUR J. SCHWAB, USDJ
Name and Title of Judge

12/5/2012
Date

AO 245B   (Rev. 09/11) Judgment in Criminal Case
           Sheet 2 — Imprisonment

DEFENDANT:         CRUZ
CASE NUMBER:       12-41-1

Judgment — Page  2  of  8

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
210 MONTHS AT COUNT 1, 210 MONTHS AT COUNT 4, TO BE SERVED CONSECUTIVELY

☒ The court makes the following recommendations to the Bureau of Prisons:
THAT THE DEFENDANT BE INCARCERATED AS CLOSE AS POSSIBLE TO HOUSTON, TX

THAT THE DEFENDANT RECEIVE MENTAL HEALTH TREATMENT WHILE INCARCERATED

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____  ☐ a.m.  ☐ p.m.  on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:





Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
         Sheet 3 — Supervised Release

Judgment—Page 3 of 8

DEFENDANT:       8CRUZ
CASE NUMBER:     12-41-1

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

LIFE AT COUNT 1, AND LIFE AT COUNT 4

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☒ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page 4 of 8

DEFENDANT: CRUZ
CASE NUMBER: 12-41-1

## ADDITIONAL SUPERVISED RELEASE TERMS

DEFENDANT SHALL PARTICIPATE IN A MENTAL HEALTH AND/OR SEX OFFENDER TREATMENT PROGRAM APPROVED BY THE PROBATION OFFICER, UNTIL SUCH TIME AS THE DEFENDANT IS RELEASED FROM THE PROGRAM BY THE PROBATION OFFICER. THE DEFENDANT SHALL ABIDE BY ALL PROGRAM RULES, REQUIREMENTS, AND CONDITIONS OF THE SEX OFFENDER TREATMENT PROGRAM, INCLUDING SUBMISSION TO POLYGRAPH TESTING TO DETERMINE IF HE IS IN COMPLIANCE WITH THE CONDITIONS OF RELEASE. THE PROBATION OFFICE IS AUTHORIZED TO RELEASE THE DEFENDANT'S PRESENTENCE REPORT TO THE TREATMENT PROVIDER IF SO REQUESTED.

WITH THE EXCEPTION OF BRIEF, UNANTICIPATED AND INCIDENTAL CONTACTS, THE DEFENDANT SHALL NOT ASSOCIATE WITH ANY CHILDREN UNDER THE AGE OF EIGHTEEN EXCEPT FOR FAMILY MEMBERS OR CHILDREN IN THE PRESENCE OF AN ADULT WHO HAS BEEN APPROVED BY THE PROBATION OFFICER.

AS REQUIRED BY TITLE EIGHTEEN UNITED STATES CODE SECTIONS 3563(A)(8) AND 3583 (D), AND THE SEX OFFENDER REGISTRATION AND NOTIFICATION ACT (SORNA), DEFENDANT SHALL REPORT THE ADDRESS WHERE HE WILL RESIDE AND ANY SUBSEQUENT CHANGE OF RESIDENCE TO THE PROBATION OFFICER RESPONSIBLE FOR DEFENDANT'S SUPERVISION; AND FURTHER, HE SHALL REGISTER AS A CONVICTED SEX OFFENDER IN ANY STATE WHERE HE RESIDES, IS EMPLOYED, CARRIES ON A VOCATION, OR IS A STUDENT.

DEFENDANT SHALL NOT POSSESS, OR ACCESS WITH INTENT TO VIEW, ANY MATERIALS, INCLUDING PICTURES, PHOTOGRAPHS, BOOKS, WRITINGS, DRAWINGS, VIDEOS, OR VIDEO GAMES DEPICTING AND/OR DESCRIBING CHILD PORNOGRAPHY AS DEFINED AT TITLE EIGHTEEN UNITED STATES CODE SECTION 2256 (8), OR OBSCENE VISUAL REPRESENTATIONS OF THE SEXUAL ABUSE OF CHILDREN AS DEFINED AT TITLE EIGHTEEN UNITED STATES CODE SECTION 1466 (A).

DEFENDANT IS PERMITTED TO POSSESS AND/OR USE A COMPUTER AND IS ALLOWED ACCESS TO THE INTERNET. HOWEVER, DEFENDANT IS NOT PERMITTED TO USE A COMPUTER, OR OTHER ELECTRONIC COMMUNICATION OR DATA STORAGE DEVICES, INCLUDING A CELL PHONE, TO ACCESS CHILD PORNOGRAPHY OR TO COMMUNICATE WITH ANY INDIVIDUAL OR GROUP FOR THE PURPOSE OF PROMOTING SEXUAL REALTIONS WITH CHILDREN. THE DEFENDANT SHALL CONSENT TO THE INSTALLATION OF ANY HARDWARE/SOFTWARE TO MONITOR ANY COMPUTER, OR OTHER ELECTRONIC COMMUNICATION OR DATA STORAGE DEVICES USED BY THE DEFENDANT TO CONFIRM THE DEFENDANT'S COMPLIANCE WITH THIS CONDITION. THE DEFENDANT SHALL PAY THE MONITORING COSTS AS DIRECTED BY THE PROBATION/PRETRIAL SERVICES OFFICER. FURTHERMORE, DEFENDANT SHALL CONSENT TO PERIODIC UNANNOUNCED EXAMINATIONS BY THE PROBATION/PRETRIAL SERVICES OFFICER OF ANY COMPUTERS, CELL PHONES, OR OTHER ELECTRONIC COMMUNICATION OR DATA STORAGE DEVICES THAT THE DEFENDANT HAS ACCESS TO, TO CONFIRM THE DEFENDANT'S COMPLIANCE WITH THIS CONDITION. ADDITIONALLY, THE DEFENDANT SHALL CONSENT TO THE SEIZURE AND REMOVAL OF HARDWARE AND DATA STORAGE MEDIA FOR FURTHER ANALYSIS BY THE PROBATION/PRETRIAL SERVICES OFFICER, BASED UPON REASONABLE SUSPICION OF A VIOLATION OF THE CONDITIONS IMPOSED IN THIS CASE, OR BASED UPON REASONABLE SUSPICION OF UNLAWFUL CONDUCT BY THE DEFENDANT. THE DEFENDANT'S FAILURE TO SUBMIT TO THE MONITORING AND/OR SEARCH OF COMPUTERS AND OTHER ELECTRONIC COMMUNICATION OR DATA STORAGE DEVICES USED BY THE DEFENDANT MAY BE GROUNDS FOR REVOCATION.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
             Sheet 3C — Supervised Release

Judgment—Page 5 of 8

DEFENDANT: CRUZ
CASE NUMBER: 12-41-1

## SPECIAL CONDITIONS OF SUPERVISION

IF THE DEFENDANT'S EMPLOYMENT REQUIRES THE USE OF A COMPUTER, THE DEFENDANT MAY USE A COMPUTER IN CONNECTION WITH THE EMPLOYMENT APPROVED BY THE PROBATION/PRETRIAL SERVICES OFFICER, PROVIDED THE DEFENDANT NOTIFIES HIS/HER EMPLOYER OF THE NATURE OF HIS/HER CONVICTION. THE PROBATION/PRETRIAL SERVICES OFFICER SHALL CONFIRM THE DEFENDANT'S COMPLIANCE WITH THIS NOTIFICATION REQUIREMENT.

THE DEFENDANT SHALL PROVIDE THE U.S. PROBATION OFFICE WITH ACCURATE INFORMATION ABOUT HIS/HER ENTIRE COMPUTER SYSTEM, INCLUDING ITS HARDWARE AND SOFTWARE, AND OTHER ELECTRONIC COMMUNICATION OR DATA STORAGE DEVICES OR MEDIA TO INCLUDE ALL PASSWORDS USED AND THE NAME OF THE INTERNET SERVICE PROVIDERS. THE DEFENDANT SHALL ALSO ABIDE BY THE PROVISIONS OF THE COMPUTER RESTRICTIONS AND MONITORING PROGRAM APPROVED BY THE COURT.

DEFENDANT SHALL SUBMIT HIS/HER PERSON, PROPERTY, HOUSE, RESIDENCE, VEHICLE, PAPERS, BUSINESS OR PLACE OF EMPLOYMENT, TO A SEARCH, CONDUCTED BY A UNITED STATES PROBATION OFFICER AT A REASONABLE TIME AND IN A REASONABLE MANNER, BASED UPON REASONABLE SUSPICION OF CONTRABAND OR EVIDENCE OF A VIOLATION OF A CONDITION OF SUPERVISION, FAILURE TO SUBMIT TO A SEARCH MAY BE GROUNDS FOR REVOCATION. THE DEFENDANT SHALL INFORM ANY OTHER RESIDENTS THAT THE PREMISES MAY BE SUBJECT TO SEARCHES PURSUANT TO THIS CONDITION.

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
        Sheet 5 — Criminal Monetary Penalties

Judgment — Page   6   of   8  

DEFENDANT:     CRUZ
CASE NUMBER:     12-41-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Fine | Restitution |
|--------|------------|------|-------------|
| TOTALS | $ 200.00   | $    | $           |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---------------|-------------|---------------------|------------------------|
|               |             |                     |                        |
| **TOTALS**    | $           | $                   |                        |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments

Judgment — Page    7    of    8

DEFENDANT:      CRUZ
CASE NUMBER:    12-41-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☒ Lump sum payment of $ 200.00 due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance     ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

**B**  ☐ Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

**C**  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
SEE PAGE 8 FOR FORFEITURE INFORMATION

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 6B — Schedule of Payments

Judgment—Page 8 of 8

DEFENDANT:      CRUZ
CASE NUMBER:    12-41-1

# ADDITIONAL FORFEITED PROPERTY

ONE APPLE i PHONE 4, SERIAL NO. C8RFDCRQDDP7

ONE ACER LAPTOP COMPUTER, SERIAL NO. LXR44021491-134DD671601

ONE POLAROID DISPOSABLE CAMERA

ONE NIKON COOL PIX CAMERA

ONE CANON POWERSHOT SD 500 CAMERA

ONE KODAK EASY SHARE C195 CAMERA

ONE VERIZON BLACKBERRY CELLULAR TELEPHONE

ONE WD HARD DRIVE, 80G, SERIAL NO. WINAM919085404

ONE WHITE THUMB DRIVE

ONE BLACKBERRY CELLULAR TELEPHONE

ONE SMALL TOSHIBA HD FROM MP3 PLAYER AND ONE CD

ONE HP PAVILION DESKTOP COMPUTER, SERIAL NO. LNH51404GX

TWO CELLULAR TELEPHONES, ONE BELLWARE AND ONE BLACKBERRY NEXTEL

ONE SMALL, SILVER VIBRATOR

THE DEFENDANT CONSENTS TO THE DESTRUCTION OF ALL PROPERTY SEIZED FROM HIS RESIDENCE BY THE FEDERAL BUREAU OF INVESTIGATION ON 02/15/12, TO THE EXTENT THAT SUCH PROPERTY IS NOT OTHERWISE ADDRESSED IN THE ABOVE OUTLINED FORFEITURE, AND THE SUBJECT OF VOLUNTARY FORFEITURE.